UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SIEGFRED SIERRA,<br><br>                Petitioner,<br><br>   v.<br><br>I. JACQUEZ, et al.,<br><br>                Respondents. | CASE NO. 2:22-cv-01509-RSL-BAT<br><br>**REPORT AND RECOMMENDATION** |

Petitioner, Siegfred Sierra, requests the Court order his immediate release from Federal Detention Center SeaTac (FDC SeaTac) under 28 U.S.C § 2241, based upon his calculation of the credits he has earned under the First Step Act (FSA). *See* Petition at Dkt. 3. In response, Respondent moves to dismiss the § 2241 petition arguing Petitioner (1) failed to exhaust his administrative remedies; (2) erroneously contends the Bureau of Prisons (BOP) must grant FSA time credits to prisoners who are subject to an immigration detainer but not a final order of removal; and (3) has failed to meet his burden to show he has a right to early release. Respondent also contends Petitioner's request for money damages is not cognizable under § 2241. *See* Response, Dkt. 8.

Respondent's response was noted for December 23, 2023, and the matter is thus ready for the Court's consideration. The Court having reviewed the parties' pleadings and the record

REPORT AND RECOMMENDATION - 1

recommends **GRANTING** Petitioner's request the BOP cannot deny application of FSA time credits based solely upon the existence of an immigration detainer, and directing the BOP to calculate what FSA time credits Petitioner has earned and continues to earn since its last calculation in October 2022, and whether these time credits may be applied to Petitioner's sentence. The Court recommends **DENYING** Petitioner's requests for immediate release and for an award of money damages.

## DISCUSSION

Petitioner avers he is serving a sentence at FDC SeaTac that was imposed on January 9, 2020, by the United States District Court for the District of Hawaii. Dkt. 3 at 1. He contends the BOP on May 25, 2022, declined to apply FSA time credits he has earned toward early release. *Id*. at 2. He avers he appealed this decision on July 11, 2022; BOP's response was due in August 2022, BOP has not yet responded; and he has not appealed because he has not yet received a response. *Id*. at 2-3. Petitioner contends the Court should waive the requirement he exhaust his administrative remedies on the grounds that exhaustion would be futile. *Id*. at 10.

Petitioner contends the Court should address the merits of his §2241 petition and order his immediate release because the BOP has improperly denied him FSA time credits based upon his immigration "detainer." He contends the BOP can deny a federal prisoner FSA time credits only if the prisoner is subject to a "final order of removal," and a detainer is not such an order. *Id* at 6. Petitioner further contends this argument is supported by the BOP's implementation guide which "clearly states on page 2 paragraph 4 that only inmates with a "final order of deportation cannot apply earned FSA credit towards early release." *Id.* Petitioner contends his projected release date is June 9, 2022, not June 9, 2023, if the BOP properly applied the FSA time credits he believes he has earned. *Id.*

REPORT AND RECOMMENDATION - 2

In response, Respondent argues the Court should dismiss the § 2241 petition because Petitioner has failed to exhaust his administrative remedies. Petitioner does not claim he has exhausted his administrative remedies; rather he recognizes he has not exhausted his remedies because he has not yet appealed the denial of FSA credits but argues the Court should waive the exhaustion requirement "because it is futile."

Federal prisoners must exhaust administrative remedies before filing a federal habeas petition, and the Court may as a prudential matter dismiss the petition if a petitioner has failed to exhaust his administrative remedies. *See Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986). Although the Court retains the discretion to waive the exhaustion requirement, this discretion is not unfettered. *Castro–Cortez v. INS,* 239 F.3d 1037, 1047 (9th Cir. 2001) ("Prudential limits, like jurisdictional limits and limits on venue, are ordinarily not optional."); *Murillo v. Mathews*, 588 F.2d 759, 762, n. 8 (9th Cir.1978) ( "Although the application of the rule requiring exhaustion is not jurisdictional, but calls for the sound exercise of judicial discretion, it is not lightly to be disregarded.") (alteration, citation, and internal quotation marks omitted). This Court is thus not free to address the merits of this case without first determining the exhaustion requirement has been satisfied or properly waived. *Montgomery v. Rumsfeld*, 572 F.2d 250, 254, n. 4 (9th Cir.1978). Here, there is no dispute that Petitioner has not exhausted his administrative remedies because he himself admits it in his petition.

However, the Court may excuse the exhaustion requirement in extraordinary circumstances, such as when the pursuit of administrative remedies would be futile. *See Fraley v. United States Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1992). Here Petitioner asserts exhaustion would be futile because he has been informed by his Unit Team and the Warden of FDC SeaTac the BOP will not apply FSA time credits to Petitioner's release date because he has

REPORT AND RECOMMENDATION - 3

1 an immigration detainer. Dkt. 3 at 10. Respondent does not contest the verity of Petitioner's
2 assertion and instead argues exhaustion would <u>not</u> be futile because Petitioner's grievance
3 regarding the denial of FSA time credits and his habeas petition involve a "legal issue" so an
4 appeal to BOP's general counsel would be fruitful. Dkt. 8 at 7. On balance, the Court finds
5 Plaintiff is correct that requiring him to exhaust his administrative remedies would require him to
6 perform a futile act. BOP officials have informed Petitioner that FSA time credits will not be
7 applied due to the immigration detainer. There is nothing indicating the BOP will alter this
8 position, which it argues is a correct position. To the extent Petitioner's claim presents a "legal"
9 issue, Respondent's argument that Petitioner's contentions are wrong as a matter of law
10 highlights the futility of trying to obtain relief by exhausting the remedies available through the
11 BOP administrative process. If Respondent's argument is correct, Petitioner has a zero chance of
12 obtaining any administrative relief because he is owed no relief as a matter of law. This is in fact
13 the position the BOP currently takes in opposing Petitioner's petition. The Court accordingly
14 concludes the exhaustion requirement should be excused in this case.

15       Turning to the merits of Petitioner's claim, Respondent argues the § 2241 petition should
16 be dismissed because Petitioner is wrong federal prisoners are ineligible for FSA time credits
17 only if a final order of removal has been issued as to the prisoner, and that federal prisoners, like
18 Petitioner, who only have an immigration detainer lodged against them should be granted FSA
19 credits and early release. Dkt. 8 at 8.

20       Respondent first argues Petitioner is wrong because the title of the relevant subsection of
21 the FSA, 18 U.S.C. § 3632(d)(4)(E)(i), "Deportable prisoner ineligible to apply time credits"
22 makes clear the subsection is not limited to prisoners who are subject to a final order of removal
23 and instead also includes prisoners who are 'removable' because they are deportable or

REPORT AND RECOMMENDATION - 4

inadmissible." Dkt. 8 at 9. Respondent further argues the BOP's policy statement that deportable and inadmissible prisoners are ineligible for FSA time credits is consistent with this interpretation of the statute. *Id*. at 10-11.

The plain and unambiguous language does not support Respondent's argument. The statute states "[a] prisoner is ineligible to apply time credits under subparagraph (C) if the prisoner is the subject of a final order or removal under any provision of the immigration laws." *See* 18 U.S.C. § 3632(d)(4)(E)(i). The statute's language specifically excludes only prisoners with a final order of removal from eligibility to apply FSA time credits and contains no language that also includes prisoners who are removable or who have immigration detainers.

The statute also provides the Attorney General in consultation with the Secretary of Department of Homeland Security shall ensure that any alien who seeks to earn time credits "are subject to proceedings described in section 238(a) of that Act (8 U.S.C. 1228(a) at a date as early as practicable during the prisoner's incarceration." *See* 18 U.S.C. § 3632(d)(4)(E)(ii). Respondent argues this language means all prisoners who are removable are ineligible for time credits because "if only a final order of removal barred a prisoner from having First Step Act credits applied to his sentence there would be no reason to provide an early hearing." Dkt.8 at 10.

The argument is unfounded and confuses the reasons why immigration hearings are conducted under 8 U.S.C. § 1228(a) with what FSA time credits are available to prisoners under § 3632. The purpose of § 1228(a) is to provide "special removal proceedings" for aliens such as Petitioner who have been convicted of aggravated felonies[1] as defined by 8 U.S.C. §

---

[1] Petitioner was convicted of an aggravated felony as defined by § 1227 because Petitioner pled guilty to one count of conspiring to distribute and possess with intent to distribute 50 grams or more of methamphetamine and was sentenced to 70 months of imprisonment. *See* Dkt. 8 at 1 (*United States v. Siegred Sierra*, 18-cr-00072-JMS (D. Haw.)).

REPORT AND RECOMMENDATION - 5

1227(a)(2)(B)(i), and who are detained in a correctional facility without a final order of removal in order to assure the alien's expeditious removal following the end of his incarceration for the underlying sentence. A final order of removal is a final order concluding the alien is deportable or that orders deportation. *Nasrallah v. Barr*, 140 S. Ct. 1683, 1690 (2020). In other words, a § 1228 hearing is designed to obtain a final order of removal to assure the swift removal or deportation of aggravated alien felons such as Petitioner.

Of course, a § 1228 hearing would be unnecessary where a final order of removal was already in place. The purpose of the § 1228 hearing thus highlights the difference between aliens with final orders of removal and aliens such as Petitioner who may be deportable because they have aggravated felony convictions but do not have yet have a final order of removal. The Court accordingly finds no basis to conclude the provision contained in § 3632(d)(4)(E)(ii) that calls for an expedited § 1228 hearing somehow makes all potentially deportable aliens ineligible for FSA time credits.

Rather, the Court concludes the only plausible reading based upon the plain language of § 3632(d)(4)(E)(i) and (ii) is only prisoners with a final order of removal are statutorily ineligible to apply for FSA time credits. This reading is consistent with the views of other courts, and with 28 C.F.R. § 523.44 which sets forth how FSA time credits may be applied. The regulation permits the BOP to apply FSA credits toward prerelease custody or supervised release except the Bureau may not apply FSA credits to a prisoner who is subject to a final order of removal. The CFR, consistent with §3626, makes no mention that alien prisoners with detainers are similarly not eligible for FSA time credits. Thus, under the CFR, and § 3626 only prisoners with final orders of removal are ineligible to apply FSA credits to their sentences.

Other courts have also discussed §3626 but only in the context of limiting its application

REPORT AND RECOMMENDATION - 6

to prisoners with final orders of removal, not all prisoners who might be deportable. *See United States v. Ramirez*, 2020 WL 263582 (D. Kansas Jan. 17, 2020) (§ 3632(d)(4)(E)(i) "makes a prisoner "who is the subject of a final order of removal" under immigration laws ineligible to apply the time credits."); *United States v. Rosas*, 2022 WL 1547748 at * 1 (E.D. Kentucky May 16, 2022) (Court views Petitioner requesting BOP to apply FSA credits or "a facial challenge to 18 U.S.C. § 3632(d)(4)(E), which provides that an inmate subject to a final order of removal."); and *United States v. Bikundi*, 2022 WL 1451402 at * 3 (D. D.C. May 9, 2022) ("Although 18 U.S.C. § 3632(d) provides that prisoners "who successfully complete[ ] evidence-based recidivism reduction programming or productive activities[ ] shall earn time credits" leading to their early release, *id*. § 3632(d)(4)(A), the statute explicitly exempts prisoners who are "subject to a final order of removal under any provision of the immigration laws, *id*. § 3632(d)(4)(E)(i).""). While these decisions do not address the specific position taken by Respondent, they seem to indicate the plain language of § 3626 means what it says: only prisoners with a final order of removal are ineligible for FSA time credits.

     Respondent also suggests the BOP's determination that Petitioner is ineligible for FSA time credits is "consistent with BOP's discretion over the application of time credits for all prisoners and prisoners with detainers in particular." The suggestion fails. As discussed above the BOP may find a prisoner ineligible for time credits under § 3632(d)(4)(E)(i) and (ii) only if the prisoner has a final order of removal. Further under 18 U.S.C.§ 3632(d)(4)(C), time credits earned by prisoners who successfully participate in recidivism reduction programs or productive activities "shall be applied toward time in prerelease custody or supervised release" unless the prisoner is ineligible due to the nature of the prisoner's conviction or because the prisoner is subject to a final order of deportation. *See* 18 U.S.C.§ 3632(d)(4)(D) and (E). The BOP is

REPORT AND RECOMMENDATION - 7

therefore required to apply time credits to eligible prisoners who have earned them and cannot categorically make prisoners ineligible for such credits in a manner that contravenes the statutory scheme set forth in 18 U.S.C. § 3632. *C.f., Moreno v. Ives*, 842 Fed.App.18 20 (9th Cir. 2020) ("This court has long recognized that prisoners may challenge BOP's actions as inconsistent with its regulations and statutes where its actions categorically exclude prisoners from eligibility for the RDAP sentence reduction incentive.").

Finally, Respondent argues even if Petitioner is not ineligible for FSA time credits, he has failed to meet his burden of showing he has is owed twelve months of FSA time credits and should be immediately released. Dkt. 8 at 13-14. Respondent contends Petitioner presents nothing establishing his risk level or successful participation in anti-recidivism programs to earn FSA time credits and there is thus no factual basis for the Court to grant relief. Respondent also correctly points out Petitioner's claim for relief is contingent upon individualized needs and risk assessments and successful completion of certain programs. *See* 18 U.S.C. § 3632(d)(4)(A)(i)-(ii) (Rates at which federal inmates may earn FSA time credits); 28 C.F.R. §§ 523.40(b), 523.41(c), 523.42(b) (describing procedures for earning and application of time credits as authorized by 28 C.F.R. §§ 523.40(b)).

Although Petitioner failed to provide the basis for his calculation that he has earned 365 days of FSA time credits, Respondent submitted BOP records showing, as of October 11, 2022, Petitioner has appeared to have earned 75 FSA time credits not 365 FSA time credits; that the 75 time credits are applicable "towards RRC/HC and that 0 are applicable toward Release, and that Petitioner cannot "apply" the FTC ("FSA Time Credit). *See* Dkt. 8 (Exhibit Attachment B).

The information Respondent has provided does not establish Petitioner is ineligible for FSA time credits (although it incorrectly states none of Petitioner's FSA time credits apply). But,

REPORT AND RECOMMENDATION - 8

it does indicate Petitioner is not eligible for immediate release as he claims because he has not earned enough credits, or release under the conditions that he desires—unfettered release from incarceration. Respondents FSA Time Credit assessment indicates Petitioner has 75 FSA time credits that might be applicable to release to a residential reentry center (RRC) or to home confinement (HC), if he were eligible for the FSA credits to apply. Under 18 U.S.C. § 3624(g) the BOP is authorized to make assessments regarding precustody release or supervised release including release to home confinement or a residential reentry center. Thus, based upon the information Respondent has provided, if Petitioner is not ineligible for FSA time credits, the BOP could grant Petitioner prerelease or supervised release earlier (75 days earlier as of October 11, 2022) rather than require Petitioner to serve the entire balance of his sentence within the walls of a BOP facility.

The Court however cannot determine what Petitioner's prerelease or supervised release date will be at this juncture even with the information Respondent has provided and even applying the FSA time credits, which the Court concludes should be available to Petitioner. First, the FSA credits Petitioner can earn, and his risk and needs assessment and security level are not static figures. Petitioner's credits could accelerate, decelerate, or even be lost depending upon a variety of circumstances, such as opting out of programming, or violating certain rules and requirements. The same is true as to his security level. Further the Court is not in a position to determine whether prerelease or supervised release is appropriate and what conditions should attach under either option.

Based upon the foregoing, the Court therefore recommends it be found:

(1) Petitioner is not ineligible under 18 U.S.C. § 3632(d)(4)(E)(i) or (ii) from receiving or earning FSA time credits because he is not subject to a final order or removal. The

REPORT AND RECOMMENDATION - 9

fact that he has an immigration detainer and appears to be a deportable alien based upon a conviction for an aggravated felony as the term is used for immigration purposes are not grounds to find he is ineligible under § 3632.

(2) Petitioner has failed to establish he has earned 365 days of FSA time credits and is thus not entitled to immediate release. The BOP has submitted Petitioner's FSA Time Credit Assessment which shows Petitioner has earned 75 FSA time credits as of October 11, 2022, that are applicable to home confinement or placement in a residential reentry center, unless he has engaged in conduct that alters those credits.

(3) Under 18 U.S.C. § 3632(d)(4)(C), FSA time credits are applied to prerelease custody or supervised release and the BOP shall transfer eligible prisoners under § 3624(g) into prerelease custody or supervised release.

(4) Because the Court finds 18 U.S.C. § 3632(d)(4)(E) does not render Petitioner ineligible from earning or applying FSA time credits, the BOP shall calculate the FSA time credits Petitioner has earned and continues to accrue and apply them as, as appropriate. However, other than directing the BOP to calculate and apply the credits as appropriate, the Court imposes no other directive upon the BOP to avoid intrusion upon the discretionary decisions the BOP must make going forward in this case. The Court further specifically declines to attempt to calculate what if any FSA time credits Petitioner has accrued, will accrue, or will lose going forward, or whether prerelease or supervised release should be imposed, and what conditions of release should be directed. Further, it may be that a final order of removal will be obtained, and Petitioner will then be ineligible "to apply" FSA time credits, but the Court cannot now know with any certainty what the future holds. *See* I8 U.S.C. § 3632(d)(4)(E)(i) ("A prisoner is ineligible *to apply* time credits under subparagraph (C) if the prisoner is subject to a

REPORT AND RECOMMENDATION - 10

1  final order of removal") (Emphasis added).

2  (5)     The Court specifically declines to grant Petitioner's request for immediate release.
3  as the record does not support the request.

4  (6)     The Court declines to grant Petitioner's request for "financial compensation." Dkt.
5  1 at 10. *Christian v. Norwood*, 376 Fed. Appx. 725, 726 (9th Cir. 2010) (§ 2241 is not the proper
6  vehicle for obtaining monetary damages *see Preiser v. Rodriguez,* 411 U.S. 475, 494 (1973.).

7  (7)     Petitioner is not required to obtain a certificate of appealability to appeal (COA)
8  to the Ninth Circuit Court of Appeals in this case. *See Alaimalo v. U.S.,* 645 F.3d 1042, 1047
9  (9th Cir. 2011) (A § 2241 petition must be considered even absent a COA); *Harrison v. Ollison*,
10 519 F.3d 952, 958 (9th Cir. 2008) (plain language of 28 U.S.C. § 2253(c)(1) does not require
11 federal prisoners bringing section 2241 petitions to obtain a certificate of appealability to appeal,
12 unless the section 2241 petition is a section 2255 petition in disguise").

## OBJECTIONS AND APPEAL

Because this Report and Recommendation is not an appealable order, the parties should not file a notice of appeal in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case. Objections may be filed and served upon all parties no later than **January 10, 2023.** The Clerk should note the matter for **January 13, 2023**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. The failure to timely object may affect the right to appeal.

DATED this 27th day of December, 2022.

REPORT AND RECOMMENDATION - 11

1
2
                                                                                             _____
3                                                                                              BRIAN A. TSUCHIDA
                                                                                             United States Magistrate Judge

REPORT AND RECOMMENDATION - 12