UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SIEGFRED SIERRA,<br><br>                    Petitioner,<br><br>        v.<br><br>I. JACQUEZ (Warden, FDC SeaTac) and C. PETERS (Director of the BOP),<br><br>                    Respondents. | Case No. C22-1509-RSL-BAT<br><br>ORDER GRANTING PETITIONER'S § 2241 PETITION |

      This matter comes before the Court on Magistrate Judge Tsuchida's Report and Recommendation (Dkt. # 9), respondents' objections (Dkt. # 10), petitioner's objections (Dkt. # 12), and respondents' notice (Dkt. # 14).

      Petitioner, Siegfred Sierra, requested the Court order his immediate release from Federal Detention Center SeaTac (FDC SeaTac) under 28 U.S.C § 2241, based upon his calculation of the credits he has earned under the First Step Act (FSA). *See* Dkt. #3. In response, respondents moved to dismiss the § 2241 petition arguing petitioner (1) failed to exhaust his administrative remedies; (2) erroneously contended the Bureau of Prisons (BOP) must grant FSA time credits to prisoners who are subject to an immigration detainer but not a final order of removal; and (3) failed to meet his burden to show he has a right to early release. *See* Dkt. # 8. In the Report and Recommendation, the Magistrate Judge reasoned "Petitioner is not ineligible under 18 U.S.C. § 3632(d)(4)(E)(i) or (ii) from receiving or earning FSA time credits because he is not subject to a final order or removal," however the Report recommended declining petitioner's request for

ORDER GRANTING PETITIONER'S
§ 2241 PETITION - 1

immediate release because it concluded that petitioner had failed to establish he had earned sufficient FSA time credits.

In their objection, respondents noted that since their response was filed, the "BOP decided to undertake a nationwide review of the provisions of its Program Statement on First Step Act time credits that treated detainers as a basis for disallowing the application of credits to an inmate's sentence." Dkt. # 10 at 1-2. In light of this pending review, respondents represented that they were in the process of obtaining a waiver for petitioner from BOP's current Program Statement that bars defendants subject to immigration detainers from having First Step Act time credits applied to their sentences. *Id.* at 2. Respondents represented that (1) they expected petitioner would be released once the waiver was completed and (2) they expected Sierra to be released by the end of this work week. *Id.*

On January 12, 2023, respondents filed a notice stating that they "now believe that the waiver will not be processed by the end of this work week. For that reason and in light of respondents' concession that Sierra should be credited with 151 days of First Step Act time credits once the waiver is completed, respondents waive the administrative exhaustion requirement as to Sierra and concede that this Court should grant Sierra's 2241 petition and direct BOP to release him." Dkt. # 14.

Having reviewed the complete record, the Report and Recommendation, and the parties' subsequent filings, the Court ADOPTS the Report and Recommendation's reasoning and conclusion that petitioner is not ineligible under 18 U.S.C. § 3632(d)(4)(E)(i) or (ii) from receiving or earning FSA time credits because he is not subject to a final order or removal.[1] The Court further finds that, in light of the parties' recent filings, petitioner is entitled to immediate release. The Court therefore GRANTS petitioner's 28 U.S.C. § 2241 petition and directs the BOP to release him immediately.

---

[1] The Court notes a minor error in the R&R: on page 6, lines 20, 21 & 23 and page 7, line 13, the R&R refers to "§ 3626." These citations should be to § 3632.

ORDER GRANTING PETITIONER'S
§ 2241 PETITION - 2

The Court further ADOPTS the Report and Recommendation's reasoning and conclusion as to petitioner's request for "financial compensation," and accordingly declines petitioner's request. *See Christian v. Norwood*, 376 Fed. Appx. 725, 726 (9th Cir. 2010) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) ("[A] § 2241 petition is not the proper vehicle for obtaining monetary damages.").

The Clerk is directed to send copies of this Order to the parties and to Judge Tsuchida.

IT IS SO ORDERED.

DATED this 13th day of January, 2023.

Robert S. Lasnik
United States District Judge

ORDER GRANTING PETITIONER'S
§ 2241 PETITION - 3